**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DONALD MURRAY GOFF,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-489-Y** |
| | § | |
| **COLE JETER, Warden,** | § | |
| **FCI-Fort Worth,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Donald Murray Goff, Reg. 42293-018, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Cole Jeter is Warden of FCI-Fort Worth.

### C. PROCEDURAL HISTORY

Goff is serving a 37-month term of imprisonment for his 2005 conviction in the Middle District of Florida for transfer of obscene material to minors and possession of child pornography.

*See* CM/ECF, Criminal Docket for Case # 8:04-CR-0356-JSM. His projected release date is November 6, 2007. *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, *available at* http://www.bop.gov. During his incarceration, Goff signed an agreement and participated in a residential drug abuse treatment program which provisionally qualified him for early release consideration under 18 U.S.C. § 3621(e). Following completion of the program, Goff was deemed ineligible for early release consideration because he was not recommended for placement in a residential reentry center (RRC), formerly called a community corrections center (CCC) or a halfway house, for the minimum necessary amount of days of RRC placement. *See* 18 U.S.C. § 3624(c). (Resp't Appendix, Exhibit A at 3.) The denial of RRC placement for at least 90 days disqualifies Goff from early release under Bureau of Prisons (Bureau) regulations. *See* 28 C.F.R. 550.58(a)(1)(v); U.S. Department of Justice, Federal Bureau of Prisons/Freedom of Information Act/Policy/Bureau Program Statements (policies), *available at* http://www.bop.gov. Goff's requests for administrative relief were denied. (*Id.* at 5-13.)

D. DISCUSSION

Goff argues that he is entitled to and has a liberty interest in early release under § 3621(e) and that the denial of early release on the basis that he was denied RRC placement for at least 90 days, when he is otherwise eligible, was an abuse of the Bureau's discretion and constitutes a due process violation. (Pet'r Reply at 2-4.)

Section 3621(e)(2)(B) allows the Bureau to reduce the sentence of a prisoner convicted of a nonviolent felony offense by up to one year upon successful completion of a drug abuse treatment program. 18 U.S.C. § 3621(e)(2)(B); *see also* 28 C.F.R. §§ 550.50-550.60. It is well settled, however, that there is no constitutionally protected right of a convicted person to early release under

§ 3621(e). *See Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Stewart v. Tombone*, No. 3:97-CV-0129-BC, 1998 WL 158657, at *3 (N.D. Tex. Mar. 24, 1998) (not designated for publication). Section 3621(e)(2)(B) explicitly leaves sentence reductions to the discretion of the Bureau. *See Lopez v. Davis*, 531 U.S. 230, 231 (2001); *Wottlin*, 136 F.3d at 1035; *Venegas*, 126 F.3d at 765. Thus, even if a prisoner meets the prerequisites of § 3621(e)– conviction of a nonviolent offense and successful completion of drug treatment, the Bureau has the authority, but not the duty, to reduce his or her term of imprisonment. *Lopez*, 531 U.S. at 241. Disqualifying Goff based on the nature of his offenses and public safety was a reasonable exercise of the Bureau's broad discretion, and prison officials' authority, under the statute and the relevant regulations and program statements

## II. RECOMMENDATION

Goff's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 6, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 6, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 13, 2007.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE