IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DONALD MURRAY GOFF,<br>Petitioner, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO.4:06-CV-489-Y |
| REBECCA TAMEZ,[1] Warden,<br>FCI-Fort Worth,<br>Respondent. | §<br>§<br>§<br>§ | |

ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
(With special instructions to the clerk of Court)

In this action brought by petitioner Donald Murray Goff under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 13, 2007; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on April 9, 2007.

The Court, after de novo review, concludes that Goff's objections must be overruled, and the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be denied, for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

Defendant Goff was convicted of transfer of obscene materials to minors in violation of 18 U.S.C. § 1470, and possession of child pornography in violation of 18 U.S.C. § 2252A(A)(5)(B).[2] He was

[1]Because Rebecca Tamez replaced Cole Jeter as Warden at FCI-Fort Worth, Tamez should "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1).

[2]https://ecf.flmd.uscourts.gov-Crimnal docket for *United States v. Goff,* No.8:04-CR-356-JSM-MSS (January 7, 2005, Judgment).

denied early release under 18 U.S.C. § 3621(e) because he was deemed ineligible to serve the requisite amount of time in a Residential Reentry Center (RRC),[3] and thus could not complete all components of the program. In addition to the authorities cited by the respondent and magistrate judge, the Court notes that the Sixth Circuit, considering the very similar situation where an inmate was denied eligibility for early release consideration because his conviction for interstate transportation of child pornography under 18 U.S.C. § 2252(a)(1) meant he could not be placed in a community corrections center, is instructive.[4] There, the court of appeals determined that the "BOP's determination to exclude [petitioner] from early release consideration due to his ineligibility for placement in a community-based program as a result of the nature of the offense for which he was convicted is both reasonable and permissible."[5]

In his written objections, Goff argues that under *Galle v. Clark,* 346 F.Supp. 2d 1052, 1057 (N.D.Cal. 2004), once the BOP makes a determination as to eligibility, it could not, consistent with due process, subsequently reverse its eligibility decision based on retroactive application of a new policy to the same facts. But the decision in *Galle* was based on Ninth Circuit precedent stemming from the circumstance where inmates were initially told of early release eligibility, but then that determination was changed

---

[3]Formerly "Community Corrections Center."

[4]*See Fortino v. Hemingway,* 21 Fed. Appx. 245, 2001 WL 1298842, at *2 (6th Cir. August 7, 2001, unpublished-copy attached).

[5]*Id* at *2, *citing Lopez v. Davis,* 531 U.S. 230, at 121 st 724.

based on the application of BOP rule changes.[6] The Ninth Circuit distinguished that logic from the circumstance where an inmate completed the 500 hour residential potion of the drug treatment program, only to then be deemed ineligible for early release because he could not complete the community confinement phase of the program.[7] In *Murphy v. Hood,* the Court noted that "[inmate] Murphy knew when he was first recommended for the program, that the warden would later determine eligibility for transfer to a CCC," and thus upheld the district court's denial of his petition under 28 U.S.C. § 2241 asserting that he was wrongfully denied § 3621(e) early release. Goff, like Murphy, was deemed ineligible because he could not complete the community confinement component of the program. Thus, *Galle* and the Ninth Circuit cases upon which it is based, are not applicable to the facts of this case.[8] Goff's objection on the basis that the BOP should be bound by its provisional eligibility determination, is overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Goff's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

SIGNED April 17, 2007.

TRMeans
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[6]*Galle,* 346 F.Supp. 2d at 1056, *citing Bowen v. Hood,* 202 F.3d 1211, 1221-22 (9th Cir. 2000), *cert. den'd,* 531 U.S. (2001); *see also Cort v. Crabtree,* 113 F.3d 1081, 1084 (9th Cir. 1997).

[7]*Murphy v. Hood,* 276 F.3d 475, 478 (9th Cir. 2001).

[8]Furthermore, the Ninth Circuit's holding in *Cort v. Crabtree,* 113 F.3d 1081 (9th Cir. 1997) that the BOP was bound by an earlier determination of inmate eligibility that was later deemed to be in error, was expressly rejected by the Court of Appeals for the Fifth Circuit in *Royal v. Tombone,* 141 F.3d 596, 601-02 (5th Cir. 1998).

Westlaw.

21 Fed.Appx. 245
21 Fed.Appx. 245, 2001 WL 1298842 (C.A.6 (Mich.))
**(Cite as: 21 Fed.Appx. 245)**

**C**
Fortino v. Hemingway
C.A.6 (Mich.),2001.
This case was not selected for publication in the Federal Reporter.NOT RECOMMENDED FOR FULL--TEXT PUBLICATIONSixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.Please use FIND to look at the applicable circuit court rule before citing this opinion. Sixth Circuit Rule 28(g). (FIND CTA6 Rule 28.)

United States Court of Appeals,Sixth Circuit.
Shane Patrick FORTINO, Petitioner-Appellant,
v.
John R. HEMINGWAY, Warden, Respondent-Appellee.
**No. 99-2476.**

Aug. 7, 2001.

Federal filed a petition for a writ of habeas, challenging denial of early release following completion of a substance abuse treatment program. Petition was dismissed by the United States District Court for the Eastern District of Michigan, Zatkoff, J., and petitioner appealed. The Court of Appeals held that the determination of the Bureau of Prisons (BOP) to exclude defendant from early release consideration, due to his ineligibility for placement in a community-based program as a result of the nature of the offense for which he was convicted, was both reasonable and permissible.

Affirmed.
West Headnotes
**[1] Prisons 310 15(3)**

310 Prisons
310k15 Reduction of Term of Imprisonment and Discharge for Good Conduct
310k15(3) k. Sentences to Which Applicable; Persons Entitled. Most Cited Cases
When an inmate, convicted of a nonviolent offense, has satisfied the requirements of the institutional portion of a substance abuse program, the Bureau of Prisons (BOP) may, but is not required to, reduce his term of imprisonment, and the BOP director has discretion to establish additional criteria that make certain categories of prisoners ineligible for early release, so that the BOP is not required to make individualized determinations of eligibility for early release, and it is reasonable for the BOP to take into account preconviction conduct and to make categorical exclusions when determining whether an inmate is eligible. 18 U.S.C.A. § 3621(e)(2)(B).

**[2] Prisons 310 15(3)**

310 Prisons
310k15 Reduction of Term of Imprisonment and Discharge for Good Conduct
310k15(3) k. Sentences to Which Applicable; Persons Entitled. Most Cited Cases
The determination of the Bureau of Prisons (BOP) to **exclude** defendant, who had been convicted of interstate transportation of **child pornography** via a computer, from early release consideration despite successful completion of the institutional portion of a substance abuse program, due to his ineligibility for placement in a community-based program as a result of the nature of the offense for which he was convicted, was both reasonable and permissible. 18 U.S.C.A. §§ 2252(a)(1), **3621**(e)(2)(B); 28 C.F.R. § 550.58(a)(1)(v).

Before BOGGS and DAUGHTREY, Circuit Judges; WEBER, District Judge .FN*

FN* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

****1** Shane Patrick Fortino, a federal prisoner proceeding through counsel, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Fortino was convicted of transporting child pornography in interstate commerce by means of a computer in violation of 18 U.S.C. § 2252(a)(1). Fortino was sentenced to serve twenty-seven months of imprisonment plus two years of supervised release. During his incarceration, Fortino successfully completed the institutional portion of a 500-hour residential substance abuse treatment program in order to be considered for early release in accordance with the provisions of 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) permits the Federal Bureau of Prisons (?BOP?) to reduce the sentences of prisoners, who have been convicted of a nonviolent offense and have completed a substance abuse treatment program, by up to one year. The BOP informed Fortino that he was not eligible for the community-based transitional services portion of the substance abuse treatment program due to the nature of his offense. Specifically, the BOP had determined that because Fortino had been classified as a sex offender, he could not be assigned to a community corrections center and was, therefore, ineligible for early release under the provisions of § 3621(e)(2)(B).

Fortino filed a § 2241 habeas corpus petition against John R. Hemingway, warden of the Federal Correctional Institution in Milan, Michigan, where Fortino is incarcerated. Fortino alleged that the BOP incorrectly determined that he was ineligible for early release consideration despite his conviction of a nonviolent offense and completion of all but the community-based transitional services portion of the substance abuse treatment program. Fortino argued that Hemingway should be required to exercise his discretion on an individualized basis when considering ***247** whether eligible inmates will receive early release under § 3621(e)(2)(B).

The district court denied Fortino's habeas corpus petition and dismissed the action. Fortino has filed a timely appeal. On August 8, 2000, this court filed an order to hold this case in abeyance pending a decision by the United States Supreme Court in ***Lopez v. Davis,*** 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001). As *Lopez* has now been decided, this case is ready for decision.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Upon review, we conclude that the district court properly dismissed Fortino's petition.

The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. § 3621(e)(2)(B). In order to implement the provisions of § 3621, the BOP adopted several regulations or program statements. According to the regulations, federal prisoners ?who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion? are categorically denied early release consideration. 28 C.F.R. § 550.58(a)(1)(v).

****2** Fortino was convicted of interstate transportation of child pornography via a computer in violation of 18 U.S.C. § 2252(a)(1). As a result of the nature of his offense, the BOP classified Fortino as a sex offender. An inmate classified as a sex offender cannot be placed in a minimum security institution unless the sex offender classification has been waived. *Id.* During his incarceration, Fortino participated in the BOP's residential substance abuse treatment program. Although Fortino successfully completed the institutional component of the substance abuse treatment program, he was deemed ineligible for the community-based transitional services component of the program because his classification as a sex offender precluded his transfer to a community corrections center. Thus, the BOP determined that Fortino was ineligible for early release consideration under the provisions of § 3621(e)(2)(B).

[1][2] When an inmate has satisfied the requirements of § 3621(e)(2)(B), the BOP may, but is not required to, reduce his term of imprisonment. *Lopez,* 121 S.Ct. at 722. Furthermore, the BOP director has discretion to establish additional criteria that make certain categories of prisoners ineligible for early release under § 3621(e)(2)(B). *Id.* Section 3621(e)(2)(B) does not require the BOP ?to make individualized determinations? of eligibility for early release. *Id.* It is reasonable for the BOP to take into account preconviction conduct and to make categorical exclusions when determining whether an inmate is eligible for early release under § 3621(e)(2)(B). *Id.* at 723-24. Thus, the

BOP's determination to exclude Fortino from early release consideration due to his ineligibility for placement in a community-based program as a result of the nature of the offense for which he was convicted is both reasonable and permissible. *See id.* at 724.

Accordingly, the district court's judgment is affirmed.

C.A.6 (Mich.),2001.
Fortino v. Hemingway
21 Fed.Appx. 245, 2001 WL 1298842 (C.A.6 (Mich.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.